SCHOONOVER, Judge.
The appellant, a juvenile, appeals from a delinquency order entered after an adjudicatory hearing on a petition charging her with petit theft. Under the circumstances of this case, we find that the court erred by holding an adjudicatory hearing without the appellant being present and, accordingly, reverse.
After the appellant had been charged with petit theft, she failed to appear for her scheduled adjudicatory hearing on the charge. Even though the appellant’s attorney requested the court to have the appel *1077 lant taken into custody and objected to the court’s conducting the hearing in her absence, the court proceeded with the hearing and found the appellant guilty of the charge. At a subsequent disposition hearing, the court withheld adjudication of guilt and placed the appellant on community control. This timely appeal followed.
Although the appellant raises several points on appeal, we find merit only in her contention that the court erred in conducting an adjudicatory hearing in her absence.
A juvenile is entitled to notice of the charges against him, the right to legal counsel, the right against self-incrimination, and the right to confrontation and cross-examination. In Re Gault, 387 U.S. 1, 87 S.Ct. 1428,18 L.Ed.2d 527 (1967). See generally Ch. 39, Fla.Stat. (1985), and Fla. RJuv.P. In this case, we are concerned with the appellant’s right to confrontation and cross-examination.
Although Florida Rule of Juvenile Procedure 8.220 sets forth two instances when a hearing may proceed without the accused juvenile being in attendance, neither instance is applicable to this case, First, subsection (a) of the rule provides that a juvenile’s presence at a hearing may be excused if the court finds that the child’s mental or physical condition is such that a court appearance is not in the child’s best interest. The court made no such finding in this case. Additionally, subsection (b) of the rule provides:
If the child is present at the beginning of a hearing and shall thereafter during the progress of the hearing voluntarily absent himself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not thereby be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.
Because the appellant was not present at the beginning of the hearing, she naturally had no opportunity to voluntarily absent herself or to engage in disruptive conduct.
Since the appellant’s presence at her adjudicatory hearing was not excused because of her physical or mental condition and she did not voluntarily absent herself from the hearing after it began, we find that the court deprived the appellant of her right to confrontation and cross-examination by conducting the adjudicatory hearing in her absence. We, accordingly, reverse and remand for a new adjudicatory hearing.
Reversed and remanded.
DANAHY, C.J., and LEHAN, J., concur.